## ANTOL et v DAYTON MALLEABLE IRON COMPANY

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1595. Decided Sept. 27, 1939

W. S. Rhotehamel, Dayton; Jacob Deutsch, Dayton, for plaintiffs.

McMahon, Corwin, Landis & Markham, Dayton, for defendant.

### OPINION

By GEIGER, J.

This case is before this Court on appeal from the Court below. The petition sets out the fact that the defendant company in the operation of its business so conducts the same as to cause to be thrown upon the property of the plaintiff, below, certain material that arises in the operation of defendant's business.

Without going into detail, it appears that the defendant has had installed in its plant a device by which, through a system of pipes, pulverized coal under pressure is transmitted from one portion of its plant to places where the same is required for use. On certain occasions, occurring rather frequently, there is a cloud of pulverized dust emitted through chimney vents in the roof of the defendant's plant. One of these vents is in close proximity to the plaintiff's dwelling, and evidence is introduced that irrespective of the direction from which the wind may be blowing at the time, the dust finds lodgment on the plaintiffs' premises.

We have examined this evidence and have no difficulty in arriving at the conclusion that there has been a prima facie showing of damage to the plaintiffs' property arising from the use of

this distribution device of the defendant.

The plaintiff has rights which the courts must protect, and even though the plant is located in what may be designated an industrial █ district, the defendant may not cause damage to the plaintiffs' property through the operation of the device which may be of great advantage to the defendant.

It is asserted by the defendant that the equipment was erected under the best engineering super- █ vision, and that it is the ordinary equipment used for the distribution of fuel in the form of pulverized coal. This may be true, but that does not entitle the defendant to damage the plaintiffs' property. The defendant has asserted that it will be necessary for the defendant to incur large expense to avoid the dust, as has been testified to by the plaintiffs' witnesses. The defendant also denies that the operation of his plant produces the nuisance complained of. As we have before stated, we think the evidence prima facie indicates that the results complained of are caused by the operation of the apparatus.

This case is being heard on an application for a temporary restraining order, and the case is set for hearing at an early date. The Court does not wish to impose any serious burden upon the defendant on the application for a temporary restraining order and the defendant is entitled to be heard upon the trial cause in order that the Court may be further enlightened and the defendant may have an opportunity to disprove the testimony offered by the plaintiff. We, therefore, refrain from making a temporary order which may cause the defendant expense and inconvenience, but, as before stated, our opinion is that the plaintiff has shown the cause of action, and that he is entitled to relief. We, therefore, suggest that pending the hearing of this case the defendant make serious efforts to correct the evil complained of. We simply wish at this time to express our opinion that the prima facie showing by the plaintiff indicates that he has a cause of action, and that if the nuisance is not abated at the time the Court hears the case on its merits, and if it then appears that a nuisance exists, the Court will probably be compelled to make an order restraining the de- █ fendant from committing further nuisance, even though such an order may require that the defendant incur expense and inconvenience.

The Court on the preliminary hearing was not impressed with the defendant's assertion that the nuisance could not be abated, even though it may have been caused by the defendant, which the defendant denies. Under the circumstances of this case, the Court will defer action until the final hearing in this case, in the hope that by that time the defendant may have found means to abate the alleged nuisance.

Order accordingly.

HORNBECK, PJ. & BARNES, J., concur.